U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT 3 0 2007

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| THOMAS ROWLAND AND KATHERINE ROWLAND | : | DOCKET NO. 2:06-CV-1629 |
| | | |
| v. | : | JUDGE MINALDI |
| | | |
| STATE FARM FIRE AND CASUALTY COMPANY AND ENOS DERBONNE, JR. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court are the defendants' objections to the Report and Recommendation issued by the Magistrate Judge, in which it was advised that the plaintiffs' Motion to Remand be granted. Given these objections, this court has conducted a *de novo* review of the record.

Pursuant to 28 U.S.C. § 1441(b), a case filed in state court is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Thus, the removing plaintiff must demonstrate that all defendants in the case are completely diverse from the plaintiffs, and that none of the defendants are citizens of the state in which the action was filed.

District courts have a duty to inquire whether parties are improperly or collusively joined, either to create or destroy diversity jurisdiction. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004). The Fifth Circuit has articulated two ways in which a party may be improper or fraudulently joined: 1.) actual fraud in the pleading of jurisdictional facts, or

1

2.) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). When a court considers improper joinder, any contested issue of fact and ambiguity of state law must be resolved in the plaintiff's favor. *Travis*, 326 F.3d at 649. The party seeking removal bears a heavy burden of demonstrating that joinder of the in-state party was improper. *Smallwood*, 385 F.3d at 574.

The Rowlands' complaint fails to satisfy Section 1441(b)'s requirement on its face, because defendant Derbonne is a Louisiana citizen and the case was filed in Louisiana. The defendants, however, allege that Derbonne was joined solely to defeat federal diversity jurisdiction, which implicates the second manner in which a party may be improperly joined. Thus, this court must conduct a Federal Rule 12(b)(6)-type analysis to determine whether the Rowlands' complaint states a claim against Derbonne under state law. This approach finds joinder improper when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* Under this method, the district court examines the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant pursuant to state law. *Landry v. State Farm Fire & Casualty Co.*, 428 F. Supp.2d 531, 536 (E.D. La. 2006).

In rare cases and in the district court's discretion, the court may pierce the pleadings and conduct a summary judgment-type inquiry. *Id.* "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. Piercing the pleadings should not involve substantial proceedings, and should only permit minimal discovery so the inquiry remains a

2

jurisdictional one. *Id.* at 574. The court notes that these factual inquiries should be limited to factual allegations that can easily be disproved if false. *Id.* at 574 n.12.

In Louisiana, insurance agents have a fiduciary duty to the insured and can face liability for their negligence. *Landry v. State Farm Fire & Casualty Co.*, 428 F. Supp.2d 531, 536 (E.D. La. 2006). To demonstrate the insurance agent's liability, the plaintiff must satisfy three elements: "1.) an undertaking or agreement by the broker to procure insurance; 2.) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and 3.) actions by the agent warranting the client's assumption that the client was properly insured." *Id.* (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La. 1973)).

The Rowlands argue that Derbonne breached his duty as their insurance agent by failing to ensure that they had full coverage for the actual value of their property.[1] Specifically, they allege that when Derbonne insured the Rowlands' home for $118,400 in 2005, his evaluation of the Rowlands' property was inadequate.[2] The Rowlands argue that Derbonne should have know that their property was worth more than $118,400, and that they relied on him to have such expertise.[3] The Rowlands have learned since the storm that their property is worth $250,000-$275,000.[4]

The defendants argue that Derbonne satisfied his fiduciary duty because he procured the

---

[1] Joint Mem. of Plaintiffs In Support of Remand 10.

[2] Compl. ¶ 25.

[3] *Id.* ¶ 27.

[4] *Id.* ¶ 25.

2005 homeowners insurance policy in excess of the amount that the Rowlands themselves represented on their Flood Insurance Application in August 2004.[5] In the application, the Rowlands valued their home, by signature and under penalty of fined and imprisonment, for $113,700.[6] State Farm insured the Rowlands' house from April 27, 2005 through April 27, 2006, for $118,400, more than the value the Rowlands estimated that their home was worth.[7] Accordingly, the defendants argue that because Derbonne did not breach a fiduciary duty, joinder is improper.

Plaintiffs cite two cases to support their point: *Roby v. State Farm Fire & Casualty Company*, 464 F. Supp.2d 572 (E.D. La. 2006); and *Landry v. State Farm Fire & Casualty Co.*, 428 F. Supp.2d 531 (E.D. La. 2006). In *Roby*, the court observed that insurance agents/brokers have a fiduciary duty to the insured, and in "some circumstances, a client may recover from an agent for losses he sustains as a result of the agent's failure to procure the desired coverage." 464 F. Supp. 2d at 579 (citing Taylor v. Sider, 765 So.2d 416, 418-19 (La. Ct. App. 2000)) (noting that this first requires the agent to act in such a way that the client could reasonably assume he was properly insured in the amount of "*desired coverage*") (emphasis added).

In *Landry*, the plaintiffs alleged that their insurance agent only wrote a policy for their dwelling, but failed to procure insurance for the contents of their home, despite his assurances that their coverage was adequate. 428 F. Supp.2d at 532, 536. Thus, the district court found that the plaintiffs successfully alleged a claim against the agent such that there was no fraudulent

---

[5] Def.'s Rebuttal to Plaintiffs' Case Specific Brief for Remand 5; Def.'s Ex. A.

[6] *Id.*; Def.'s Ex. A.

[7] *Id.*; Def.'s Ex. B.

joinder. *Id.* at 537.

At the outset, this is one of those rare cases that warrants piercing the pleadings to conduct a summary-judgment type inquiry because the Rowlands omitted key facts that would determine the propriety of joinder–namely, how Derbonne breached his duty to procure adequate coverage. *See, e.g., Smallwood*, 385 F.3d at 573. Turning to the defendants' exhibits, the office manager of the State Farm branch in which Derbonne works signed an affidavit that the Rowlands indeed completed the Flood Application.[8] The defendants also attached the completed flood insurance application, in which the Rowlands attested to a federal government agency under penalty of fine and imprisonment that the replacement cost of their home was just over $113,000. It is apparent that the duty Derbonne allegedly breached was the duty to know that the Rowlands' house was worth more than what it was insured for and what they themselves represented to a federal governmental agency, through Derbonne, on their Flood Insurance Form, since the Rowlands now allege that they have since learned their house was worth between $250,000 and $275,000. There are no allegations that Derbonne issued the policy for less than what the Rowlands requested, like the agent in *Roby*, or that he otherwise failed to meet their requests for coverage, like the agent in *Landry*. Thus, those cases are unavailing.

Here, Derbonne procured insurance on the dwelling in excess of what the homeowners themselves represented to be the "estimated replacement cost" of their home. Louisiana case law does not place a duty on insurance agents to insure homes for more than their clients represent they are worth based on the notion that the insurance agent should have known that the owners undervalued their own property.

---

[8] Def.'s Motion to Amend/Correct (Def. Ex. 1).

5

## CONCLUSION

Whether the prescriptive period bars the Rowlands' claim, which was the basis of the

Magistrate's recommendation for removal, is a moot point because the defendants have

demonstrated that Derbonne was improperly joined, as the Rowlands have not alleged a cause of

action against him.  Accordingly, the defendants' objections to the Magistrate's Report and

Recommendation are sustained and the plaintiffs' motion to remand shall be denied.

Lake Charles, Louisiana, this __29__ day of __Oct__ , 2007

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE